IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VALERIE GREENBAUM DORFMAN, | Civ. No. 6:23-cv-01427-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| COUNTY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on Plaintiff Valerie Greenbaum Dorfman's Motion to Quash. ECF No. 29. Plaintiff seeks to quash Defendant County Mutual Insurance Company's subpoena to depose her son David Dorfman. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

"A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules." *McGuffin v. Dannels*, Case No. 6:23-CV-01162-MK, 2023 WL 11832162, at *1 (D. Or. Sept. 8, 2023) (internal quotation marks and citation omitted). Accordingly, a Rule 45 subpoena is subject to the same scope of discovery as defined in Federal Rule of Civil

Procedure 26. *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *2 (D. Ariz. June 20, 20214).

Rule 26 entitles each party to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On a timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

"Although the party moving to quash a subpoena bears the burden of persuasion, the party issuing the subpoena must sufficiently demonstrate the relevance of the information sought." *Canning v. Washington Cnty.*, Case No. 3:23-cv-00210-AN, 2024 WL 4381122, at *1 (D. Or. Oct. 2, 2024) (internal citations omitted).

## DISCUSSION

This case arises out of a dispute over insurance coverage for a property located at 105 Goodrich Highway in Oakland, Oregon. The property is owned by a trust, for which Plaintiff is the trustee and a beneficiary. Plaintiff made a claim against her insurance policy asserting that the property was damaged by theft and vandalism. Defendant County Mutual Insurance denied the claim, finding that the value of the damage was less than the deductible on the policy.

The present motion concerns Defendant's efforts to subpoena Plaintiff's son David Dorfman, an attorney, for deposition. Mr. Dorfman is not a party to this action. The subpoena seeks testimony and directs Mr. Dorfman to bring with him:

> Any and all documents, including but not limited to emails, letters, any form of memorialized communications, electronic or otherwise, or the like, relating to the alleged vandalism at 105 Goodrich Hwy., Oakland, Oregon, 97462; or relating to the tenants at said property between 2008 and 2022.

Boyd Decl. Ex. 5, at 4. ECF No. 31.

Plaintiff asserts that any communications with Mr. Dorfman are subject to attorney-client privilege. Plaintiff affirms that, although she has "never formally or informally contracted as attorney and client in the above case," with Mr. Dorfman, she has asked Mr. Dorfman for legal advice "and he has given [her] legal advice on the above case in his capacity as a knowledgeable attorney." Dorfman Decl. ¶ 3.[1] ECF No. 29-1. Mr. Dorfman has also advised Plaintiff "on other legal matter[s] related to the Property at 105 Goodrich in Oakland, prior to the events that gave rise to the present case." *Id.* at ¶ 4. Other than Plaintiff's Declaration, there is no evidence documenting an attorney-client relationship between Plaintiff and her son.

In addition to being Plaintiff's son, Mr. Dorfman is also the successor trustee and a beneficiary to the trust that owns the property in question. Boyd Decl. Ex. 1, at 1; Ex. 3, at 3.

---

[1] Defendant asserts that the Dorfman Declaration was not provided to them prior to the filing of the present motion. Boyd Decl. ¶ 2. This issue will be discussed in connection with the insufficiency of conferral prior to the filing of this motion.

Page 3 –OPINION & ORDER

On September 15, 2022, Plaintiff sent an email to Mr. Dorfman complaining about the state of the property after the departure of tenants and included a photograph showing the condition of the property. Plaintiff has attached the email and photograph to her motion. ECF No. 29-3. The email does not seek legal advice, or advice of any kind, from Mr. Dorfman.

The September 2022 email and photograph were first produced to Defendant on September 17, 2024, in response to a discovery request and were provided by Plaintiff's counsel to Defendant's counsel on November 15, 2024. Boyd Decl. ¶ 6. Also of note, Plaintiff filed the email and photograph on the Court's public docket, without seal or any other protection. ECF No. 29-2.

Plaintiff states that she has not waived attorney-client privilege between herself and her son and affirms that she has no intention of doing so. Dorfman Decl. ¶ 7. Plaintiff affirms that she did not tell her attorney in this case that the September 2022 email was privileged and states that she wishes to claim the privilege now. *Id.* at ¶ 8.

I.  **The Existence of an Attorney-Client Relationship**

"In an action based on diversity jurisdiction, state law governs assertions of attorney-client privilege." *Oregon Aero Inc. v. Navigators Inc. Co.*, Case No. 3:21-cv-01178-AN, 2025 WL 1189857, at *4 (D. Or. April 24, 2025); *see also Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) ("Because this is a diversity action, we apply the substantive law of the forum state" to determine whether a party has waived attorney-client privilege); *Kandel v. Brother Intern. Corp*,

683 F. Supp.2d 1076, 1081 (C.D. Cal. 2010) ("In a federal action such as this based on diversity of citizenship jurisdiction, state law governs attorney-client privilege claims."). Under Oregon law, Oregon Evidence Code 503, ORS 40.225, governs attorney-client privilege assertions. *Crimson Trace Corp. v. Davis Wright Tremaine, LLP*, 355 Or. 476, 485 (2014). Oregon courts have established three requirements to assert a claim of privilege: (1) the communication must have been between a client and the client's lawyer; (2) it must have been a confidential communication; and (3) it must have been "made for the purpose of facilitating the rendition of professional legal services to the client." *Id.* at 486.

As relevant to this motion, a "client" is a person "who is rendered professional legal services by a law practitioner, or who consults a law practitioner with a view to obtaining professional legal services from the law practitioner," and a "law practitioner" is a "person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation." ORS 40.225(1)(a), (c). A "confidential communication" is "a communication not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." ORS 40.225(1)(b).

The privilege is waived if the person claiming it "voluntarily discloses or consents to the disclosure of any significant part of the matter or communication." *Oregon Aero Inc.*, 2025 WL 1189857, at *4 (internal quotation marks and citation omitted). "The party asserting attorney-client privilege bears the burden of proving


that the privilege applies and that the privilege has not been waived." *A.F. v. Providence Health Plan*, 173 F. Supp.3d 1061, 1082 (D. Or. 2016).

Here, as noted, Plaintiff did not enter any formal or informal contract for legal services with Mr. Dorfman but, under Oregon law, "there need not be an express written or oral contract," and "an attorney-client relationship can be inferred by the conduct of the parties." *Tinn v. EMM Labs, Inc.*, 556 F. Supp.2d 1191, 1192 (D. Or. 2008).

However, Plaintiff's Declaration is slender when it comes to details about the existence and scope of any attorney-client relationship between herself and Mr. Dorfman and there is no declaration from Mr. Dorfman at all. Plaintiff says only that she "asked [her] son legal advice in the above case" and "on other legal matter[s]" related to the property. Dorfman Decl. ¶¶ 3-4.

Plaintiff's contention that "any communication" between herself and her son is protected by privilege is insupportable on this record. As noted, Plaintiff and Mr. Dorfman are both beneficiaries of the trust and Mr. Dorfman is the successor trustee and so there are very likely communications related to the property and the trust that were not made for the purposes of facilitating legal services. As Defendant points out, Mr. Dorfman's own observation about the property, its condition before the alleged loss, and the relationship between Plaintiff's family and the tenants of the property would not be subject to attorney-client privilege.

The contents of the September 2022 email do not contain any indication that the email was sent in furtherance of legal services. Rather, it is a series of unhappy

observations about the condition of the property and the former tenants, with no indication that legal advice or services are being sought. Plaintiff testified at her deposition that she complained "nonstop" to her best friend about the condition of the property, which is essentially the same subject matter as the contents of the September 2022 email, which indicates that this was not a confidential matter. The Court concludes that the September 2022 email and photograph are not protected by attorney-client privilege.

Furthermore, Mr. Dorfman was not an attorney for a significant portion of the period covered by the subpoena. Mr. Dorfman was admitted to the State Bar of California on July 11, 2016; to the Oregon State Bar on November 7, 2016; to the Washington D.C. Bar on September 8, 2017; and to the New York State Bar on December 6, 2017. Boyd Decl. Ex. 2, at 1-4. Defendant correctly points out that no attorney-client privilege could have existed before Mr. Dorfman was an attorney and so, at the very least, no privilege could have existed prior to Mr. Dorfman's admission to practice law in July 2016. *See* ORS 40.225(1)(c) (defining a legal practitioner). The Court concurs and concludes that no privilege is attached to any communications between Plaintiff and Mr. Dorfman prior to July 11, 2016.

## II.  Waiver

A second issue implicated by the motion is whether any privilege that may have attached to the September 2022 email and photograph have been waived. As discussed in the previous section, the Court has concluded that the September 2022 email and photograph are not covered by privilege because they are not confidential

communications and were not made for the purpose of facilitating the rendition of professional legal services to Plaintiff.

The parties agree that the September 2022 email was disclosed to Defendant on September 17, 2024, in response to a discovery request. The email provided to Defendant's counsel a second time by Plaintiff's counsel on November 15, 2024. The September 2022 email was once again disclosed, this time publicly, when Plaintiff filed it on the Court's public docket, ECF No. 29-3, in support of her Motion to Quash with no effort to file the document under seal.

In determining whether the production of a document waives privilege, courts consider factors such as "whether the disclosure was inadvertent, whether any attempt was made to remedy any error promptly, and whether the preservation of the privilege will occasion unfairness to the opponent." *Goldsborough v. Eagle Crest Partners, Ltd.*, 314 Or. 336, 343 (1992).

Here, the document was produced to Defendant multiple times and then filed publicly and Defendant affirms that Plaintiff made no effort to claw back the September 2022 email and photograph prior to filing the Motion to Quash. Boyd Decl. ¶ 4. This is rendered at least somewhat academic by Plaintiff's publication of the September 2022 email on the Court's docket. By doing so, Plaintiff waived any privilege that may have attached to the September 2022 email and photograph. Defendants are therefore entitled to question Mr. Dorfman about the September 2022 email; his knowledge of the state of the property at the time the tenants vacated the property; and about Plaintiff's relationship with the tenants.

In sum, the Court DENIES the Motion to Quash on the basis that Plaintiff has not demonstrated that attorney-client privilege protects "all communications" between herself and her son David Dorfman. As noted above, no privilege of any kind attaches to communications that predate Mr. Dorfman's admission to practice law. Plaintiff has failed to demonstrate communications concerning Mr. Dorfman's status as a beneficiary and successor trustee on the trust were covered by attorney-client privilege and, likewise, Plaintiff has failed to demonstrate that Mr. Dorfman's own observations on the condition of the property, particularly prior to the date of the alleged loss, or on the relationship between Plaintiff's family and the tenants at the property were covered by attorney-client privilege. In addition, the Court concludes that the September 2022 email and photograph were not privileged and, even if they were, any privilege was waived by Plaintiff's decision to file the September 2022 email and photograph on the Court's public docket. If Plaintiff wishes to make more specific assertions of attorney-client privilege relating to communications between Plaintiff and Mr. Dorfman, she may do so by making an objection during Mr. Dorfman's deposition or by submitting a privilege log for any privileged documents.

### III.   Conferral

Finally, the Court wishes to discuss the issue of conferral. Plaintiff's counsel affirms that he "made a good faith effort to resolve the issues raised in this Motion to Quash with counsel for Defendant prior to filing this motion." Plaintiff has attached an email chain, ECF No. 29-2, where the final email exchange is from Defendant's counsel to Plaintiff's counsel on March 27, 2025, and states that Defendant would

serve the subpoena on Mr. Dorfman and "[t]hen when we confer on your motion, we can discuss [Plaintiff's] declaration at that point," to which Plaintiff's counsel replied "Ok noted. Thanks." Defendant affirms that no conferral on the motion actually took place and "[n]o discussion of the merits of Plaintiff's Motion to Quash occurred after the email entered as Doc. 29-2 and prior to the filing of the Motion, Doc. 29, on April 15, 2025." Boyd Decl. ¶ 3. Of note, Plaintiff did not request the return of the September 2022 email prior to the filing of the Motion to Quash and did not provide Defendant's counsel with a copy of Plaintiff's Declaration prior to filing the motion. Boyd Decl. ¶¶ 2, 4.

This plainly falls below the conferral requirements of Local Rule 7-1(a) as it does not reflect "a good faith effort through personal or telephone conferences to resolve the dispute." A failure to properly confer provides an independent basis for the denial of a motion. LR 7-1(a)(3). Counsel in this case are experienced litigators, and the Court is confident that, had proper conferral taken place, this motion would have been unnecessary or, at the very least, would have been significantly narrowed.

## CONCLUSION

For the reasons set forth above, the Motion to Quash, ECF No. 29, is DENIED.

It is so ORDERED and DATED this ___20th___ day of October 2025.

         /s/Ann Aiken
        ANN AIKEN
        United States District Judge